UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WISNIEWSKI,

                Petitioner,                Case No. 21-12958

v.                                              HON. MARK A. GOLDSMITH

STATE OF MICHIGAN, et al.,

                Respondent.
_____/

**OPINION & ORDER**
**(1) SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner David Wisniewski, a prisoner at Michigan's Midland County Jail, filed this petition for a writ of habeas corpus. Though the allegations in the pro se pleading are vague, Petitioner seems to assert that he was assaulted by police officers when he was arrested on unspecified charges in June 2020. The petition suggests that in November 2020, Petitioner pled guilty to felony assault regarding the interaction with the officers. The petition asserts: "I was forced to take ineffective counsel and not allowed to defend myself." Pet. at PageID.1 (Dkt. 1).

The petition goes on to state that "on December 9, 2021, I was resentenced because I withdrew from mental health court because I was not a person under Michigan law requiring treatment." Id. at PageID.2. Petitioner asserts that he is facing an additional 130 days of jail time. Id. He does not allege that he has raised any of his challenges to his state-court conviction and sentence in the state courts.

After a petition for a writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Proceedings. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id.; McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999).

A federal habeas petitioner must exhaust remedies available in the state courts before filing his or her petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly presen[t]" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. Id. at 842, 848. To fulfill the exhaustion requirement, a petitioner must fairly present his or her federal claims to all levels of the state appellate system, including the state's highest court. Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009). The petitioner bears the burden of proving exhaustion of state-court remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). A district court can raise exhaustion sua sponte when it is readily apparent that a petitioner has not presented habeas claims to the state courts. Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner did not exhaust his state-court remedies with respect to any potential habeas claims because Petitioner does not assert that he pursued relief though all levels of state review. Indeed, Petitioner indicates that he was resentenced in December 2021. Petitioner appears to have a state-court remedy available to him because the time for filing a direct appeal of his conviction has not expired. See Mich. Ct. R. 7.205(A)(2) (stating that an application for leave to appeal may be filed in the Michigan Court of Appeals within six months of the entry of a

2

judgment).  Because Petitioner has failed to exhaust his state-court remedies, the Court dismisses without prejudice his habeas petition.

The habeas statute imposes a one-year statute of limitations on federal habeas claims. 28 U.S.C. § 2244(d)(1).  In Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit considered what action a court should take if the dismissal of a habeas petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.  The court concluded that a stay in such circumstances is appropriate if fewer than 60 days remain on the statute of limitations period. Id.; see also Rhines v. Weber, 544 U.S. 269, 277 (2007).  Because Petitioner may still file a direct appeal, and the limitations period has therefore not yet commenced, the statute of limitations does not pose a concern.

Accordingly, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court denies a certificate of appealability because the Court's disposition of the case is not reasonably debatable. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  The Court denies leave to proceed in forma pauperis on appeal because it concludes that an appeal from this decision cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2).

SO ORDERED.

Dated: April 11, 2022  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2022.

s/Karri Sandusky  
KARRI SANDUSKY  
Case Manager